IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LOWE'S HOME CENTERS, LLC, *formerly known as* Lowe's Home Centers, Inc.,

    Defendant.

Case No. 14-cv-449-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiff United States of America's ("USA") unopposed motion to enter consent decree (Doc. 8).  On August 19, 2014, the Court held a hearing on the motion.  For the following reasons, the Court grants the motion.

1. Background

This action was brought by the USA at the request of the Administrator of the United States Environmental Protection Agency ("EPA") for violation of sections 402(c), 406(b), and 407 of Title IV of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2682(c), 2686(b) and 2687, and the regulations promulgated thereunder, codified at 40 C.F.R. Part 745, Subpart E ("Residential Property Renovation Rule" or "RRP Rule").  The RRP's purpose is to reduce the risk of lead exposure during the renovation of housing of pre-1978 structures by informing the occupants of lead-based paint hazards, requiring training and certification prior to renovations, and complying with certain work practices for renovations in certain structures.

The USA alleged in its complaint that Defendant Lowe's Home Centers, LLC, ("Lowe's) violated the foregoing provisions by (1) failing to retain and provide to the EPA upon request certain records as required as set forth in 40 C.F.R. § 745.84(a)(1) (proof pamphlet was provided), 40 C.F.R. § 745.86(b)(1) (documentation of lead test kit use and results), 40 C.F.R.

§ 745.86(b)(6) (documentation that certified renovator was assigned), 40 C.F.R. § 745.86(b)(6) (certification of compliance documentation), 40 C.F.R § 745.86(b)(6)(i) (on the job training for workers), 40 C.F.R. § 745.86(b)(6)(v) (documentation of compliance with work practice standards), and  40 C.F.R. § 745.86(b)(6)(viii) (documentations of post-cleaning verification); and (2) failing to comply with work practice standards set forth in 40 C.F.R. § 745.85(a)(2)(ii)(C) (requiring plastic sheeting on floors in work area) and 40 C.F.R. § 745.85(a)(5) (cleaning work area).  The USA seeks a declaratory judgment finding that Lowe's failed to comply with TSCA and its implementing regulations and an order requiring Lowe's to comply with TSCA and its implementing regulation

After an extensive negotiation process, the parties came to the agreement currently under consideration.  On April 18, 2014, the USA filed its notice of lodging consent decree.  Notice of lodging of the consent decree was published in the Federal Register on April 24, 2014 (79 Fed. Reg. 22, 836).  The public comment period expired and the USA reported that it received no comments on the proposed consent decree.  The Court has received no response to the USA's motion to enter the consent decree and will consider approval of the consent decree.

2. Analysis

Approval of a consent decree is committed to the discretion of the district court.  *Madison Cnty. Jail Inmates v. Thompson*, 773 F.2d 834, 845 (7th Cir. 1985).  In reviewing a consent decree, the district court pays deference to the expertise of the agency and the policy encouraging settlement.  *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011).  As such, a presumption in favor of approving the consent decree arises.  *Donovan v. Robbins*, 752 F.2d 1170, 1177 (7th Cir. 1985).  Accordingly, this Court "must approve a consent decree if it is reasonable, consistent with [TSCA]'s  goals, and substantively and procedurally fair." *George A. Whiting Paper Co.*, 644 F.3d at 372.

      a. Procedural Fairness

A consent decree is procedurally fair if the negotiations in reaching it were open and at arms-length. *In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 207 (3d Cir. 2003); *see also United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86 (1st Cir. 1990) (a court determines procedural fairness by examining "the candor, openness, and bargaining balance "). Here, both parties are represented by experienced counsel, and there is nothing suggesting this consent decree was reached through anything but a procedurally fair negotiation process. As such, based on the representations both in the filings and in the motion hearing, the Court finds that the instant consent decree was the result of a procedurally fair process.

      b. Substantive Fairness

A consent decree is substantively fair if it involves "corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." *Cannons*, 899 F.2d at 87. Procedural fairness is relevant to the inquiry because "[t]o the extent that the process was fair and full of adversarial vigor, the results come before the court with a much greater assurance of substantive fairness." *Id*. at 87, n.4.

The Court finds the instant consent decree substantively fair because it contains a significant civil penalty for the alleged noncompliance, requires Lowe's to take steps to comply with TSCA in the future, and includes an injunctive protocol on future renovation projects. The Court has no reason to believe the process was substantively unfair.

      c. Reasonableness

Considering a consent decree's reasonableness is a "multifaceted exercise." *Id*. at 89. Reasonableness factors include: (1) "the decree's likely efficaciousness as a vehicle for cleansing the environment"; (2) "whether the settlement satisfactorily compensates the public for the actual

(and anticipated) costs of remedial and response measures"; and (3) "the relative strength of the parties' litigating positions." *Id*. at 89-90.

The reasons this Court finds the consent decree substantively fair also support the reasonableness of the agreement.  Thus, based on the representations in the filings and at the motion hearing, this Court finds the consent decree to be reasonable.

    d.  Consistency with TSCA

TSCA was enacted to address the "unreasonable risk of injury to health or the environment" caused by chemical substances.  15 U.S.C. § 2601.  This consent decree is consistent with that goal.  It is further consistent with TSCA's goals in that it avoids expensive litigation.

3. Conclusions

For the foregoing reasons, the Court **GRANTS** the USA's unopposed motion to enter consent decree (Doc. 8).  The Court **DIRECTS** the Clerk of Court to enter the proposed consent decree (Doc. 8-1).  Because the consent decree resolves all pending claims between the parties, once the consent decree is entered, this case should be closed.

**IT IS SO ORDERED.**

**DATED:**  August 29, 2014

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**